# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

HORACE MAYFIELD, et al.,

Defendant.

: CRIMINAL ACTION NOS.
: 2:16-CR-9-RWS-JCF
: 2:16-CR-10-RWS-JCF

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 288 in 2:16-CR-9 and Doc. No. 201 and Doc. No. 236 in 2:16-CR-10]. Defendants have filed objections to the Report and Recommendation. In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks

omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The Court hereby OVERRULES the objections and adopts the R&R [Doc. No. 288 in 2:16-CR-9 and Doc. No. 201 and Doc. No. 236 in 2:16-CR-10] as the opinion and order of this Court. However, the Court wishes the record to reflect that Defendants made very persuasive arguments for suppression and that this was a very close case. For the sake of the appellate record, the Court will briefly address the difficult issues raised in this case.

First, as to the issue of out-of-state interceptions that may have occurred in this case, the primary Eleventh Circuit direction on this issue is contained within United States v. Pierre, 435 Fed. Appx. 905 (11th Cir. 2011), an unpublished opinion. Pierre clearly stands for the proposition that an "interception" of a cellular telephone call occurs both at the location of the telephone and at the site

2

where law enforcement authorities hear and record the call. This definition of "interception" was also adopted by the Georgia Supreme Court in <u>Luangkhot v. State</u>, 736 S.E.2d 397 (Ga. 2013). After the 2013 amendment to Georgia's wiretap statute, it appears that as long as the listening post is in the state of Georgia, there is no jurisdictional problem. The Court notes that in <u>Pierre</u> and in <u>State v. McCormick</u>, 719 So.2d 1220 (Fla. 5th DCA 1998), the Florida case cited in <u>Pierre</u>, both the listening post and the phone were apparently in the state of the issuing judge. Based on the language of those decisions, however, the Court can see no basis for distinguishing the situation in which the phone is located outside the state. The Court notes that this holding places basically no restriction on the jurisdiction of a judge to issue a wiretap order so long as the listening post is within the judge's jurisdiction.

Second, as to the sealing requirements, 18 U.S.C. § 2518 provides that the recording must be "made available to the judge issuing such [wiretap] order and sealed under his directions." Here, the recordings were made available to the judge and placed in an evidence bag, which the judge initialed. Setting aside the timeliness issue, this receipt and sealing of the recordings was not defective. The statute provides that "[c]ustody shall be wherever the judge orders." The Court

3

finds that it is possible that a judge could provide for custody of the recordings in the authorization order, which in fact occurred in this case. Although this is not the preferred procedure, which would include a written order after the wiretaps have concluded, this does not rise to the level that would warrant suppression.

Third, as to the delay in sealing, this was the most problematic issue for the Court. There is no question that the recordings were not immediately presented to the judge after expiration of the wiretap authorization order. See <u>United States v. Matthews</u>, 431 F.3d 1296, 1307 (11th Cir. 2005) ("immediately" means "within one or two days"). The case law is clear that the reason for this rule is to prevent tampering with the wiretap recordings. And, in this case, the Government had access to the recordings. However, the recordings were retained by the Clerk in a sealed bag with an unbroken seal.

In considering whether the Government has provided a "satisfactory explanation" for the delay in sealing, the Eleventh Circuit has not articulated a standard. As a result, the Court has examined persuasive authority from other jurisdictions, most of which addresses excuses offered by attorneys. After must reflection, the Court believes that in this circumstance, in which a law enforcement officer relied on a "go-by," then submitted the proposed order to the

4

District Attorney for his review, and then received the signed order from the judge, the law enforcement officer can reasonably rely upon the order. This outcome might well have been different if the Government official were a lawyer, because the Court would likely find that a lawyer would have an affirmative duty to do more to ensure compliance with the statute. In this case, minimal research would have informed a lawyer that a ten-day delay is impermissible.

None of these issues alone warrant suppression. However, considered cumulatively, the decision is much closer. The Court has struggled with implicitly condoning the procedural errors that occurred in this investigation, but after carefully reviewing the briefing, the Report and Recommendation, and an immense volume of case law, the Court finds that suppression is not warranted.

For the reasons discussed above, Defendants' Motions to Suppress [Doc. Nos. 109, 113, 134, 135, 136, 143, 157, 162, 207, 208, 209, 210, 214, 227, 237, and 271 in 2:16-CR-9 and Doc. Nos. 78, 85, 110, 111, 119, 127, 140, 167, 187, and 235 in 2:16-CR-10] are **DENIED**. These cases are **REFERRED** to Judge Fuller to address the other pending pre-trial motions.

**SO ORDERED**, this 29th day of September, 2017.

                                    _____
                                    **RICHARD W. STORY**
                                    United States District Judge

AO 72A
(Rev.8/82)